

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 38th floor*
*New York, New York 10278*

July 25, 2026

**BY ECF**
Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re:   *United States v. Godfrie Cole*, **24 Cr. 57 (PAE)**

Dear Judge Engelmayer:

The Government was saddened to learn of Godfrie Cole's death earlier this week and extends its condolences to his family and friends.

This letter is in response to the Federal Defenders of New York's letter of July 22, 2026. (Dkt. #30). In their letter, the Federal Defenders suggest that the Court should hold a conference in this closed case (implicitly suggesting that the Court has jurisdiction to do so) because such a conference "is needed 'to effectuate and prevent the frustration of [this Court's] orders.'" *Id.* (quoting *United States v. N.Y. Tel. Co.*, 434 U.S. 159, 172 (1977)). But they do not identify—and the Government is not aware of—any order(s) that may have been frustrated. In its Judgment, the Court made "*recommendations* to the Bureau of Prisons," including "that the defendant receive expedited designation and be placed in" one of the BOP's medical facilities. (Dkt. #28 (emphasis added)). Mr. Cole's continued presence at the MDC, however, was not in contravention of this recommendation. Rather, as alluded to in the Federal Defenders' letter, on June 2, 2026, Mr. Cole was charged in a new case in the Eastern District of New York in Indictment 26 Cr. 156 (JMA-PCG). In that case, Mr. Cole was charged with assaulting another inmate resulting in serious bodily injury on April 13, 2026—approximately two weeks before his sentencing before Your Honor. Mr. Cole was arraigned on the EDNY case on June 16, 2026, and the first status conference was scheduled for July 28, 2026. Accordingly, Mr. Cole's ongoing presence in EDNY was necessary for that case to proceed. Furthermore, in both Districts' cases, Mr. Cole was represented by the Federal Defenders of New York (though by different individual counsel). At no time prior to his passing did Mr. Cole's counsel come before this Court and argue that his detention at the MDC was in violation of an order, nor could they make such an argument for the obvious reason that Mr. Cole's new case necessitated his continued detention in the EDNY.[1]

---

[1] As the Court also no doubt appreciates, there is a material distinction in this context between a judicial "recommendation" and a Court "order," the former of which is non-binding (but often honored) and the latter of which is mandatory and carries with it the possibility of sanctions if violated. The law is clear that courts do not have the authority to "order" the BOP to designate an inmate to a particular facility. *See* 18 U.S.C. § 3621(b); *United States v. Pineyro*, 112 F.3d 43, 45

The request for a conference in this Court is also unusual—and, the Government submits, misplaced—given that this SDNY case was concluded almost three months ago, whereas the EDNY case was ongoing and in fact remains open, pending a *nolle prosequi* in that Court. Moreover, to the extent the Federal Defenders wish to explore fact-finding in pursuit of a potential civil case with respect to events at the MDC, any appropriate vehicle that may exist would plainly fall within EDNY's exclusive jurisdiction. *See* 28 U.S.C. § 1402(b). A Court conference in SDNY at which the Federal Defenders "request that the BOP tell [them], the Court, and Mr. Cole's family" various facts is not the right avenue or forum for such fact gathering. And again, requiring the Federal Defenders of New York to proceed in EDNY, to the extent appropriate, would not deprive them of an opportunity to engage on this issue because their office covers both Districts, and they represented Mr. Cole in both Courts.

With sympathy for Mr. Cole's loved ones, the Government respectfully submits that the Federal Defenders' request for a conference should be denied.

Respectfully submitted,

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: _____
Frank Balsamello / Brandon Harper
Assistant United States Attorneys
(212) 637-2325 / -2209

CC:    Federal Defenders of New York (via ECF)

---

(2d Cir. 1997) ("While BOP may consider the recommendation of the sentencing judge in determining the place of a confinement, the district judge's views are not controlling."). The "recommendation"-versus-"order" distinction is immaterial in this case, however, because Mr. Cole's new EDNY case mooted the issue of his designation altogether.